(No. 2911—)

ANDREW BASNYK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 13, 1939.*

GARIEPY & GARIEPY, for claimant.

John E. Cassidy, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

On June 4, 1936, claimant filed his complaint alleging that on October 23, 1935, he was injured by reason of an accident arising out of and in the course of his employment while working in the kitchen of one of the shelters operated by the Illinois Emergency Relief Commission at 115th and Michigan Avenue, Chicago, Illinois, and avers that at that time he was employed by the Illinois Emergency Relief washing dishes; that he accidentally scratched his left hand on a tin plate, and that an infection set in which later developed into blood poisoning and resulted in a complete loss of use of the left hand; that medical and surgical treatment were furnished by the Illinois Emergency Relief Commission, and that his claim is for $7.50 per week temporary compensation during the time he was treated and convalescing from the effects of the injury and for $7.50 per week for 135 weeks for loss of use of the left hand. He alleges that he had no children dependent on him for support and that immediate notice of the accident was given to his superiors. This complaint was sworn to on the 2nd day of June, 1936.

Claimant filed an amended petition wherein it is averred that on January 23, 1935, he was injured by reason of an accident arising out of and in the course of his employment while working in the kitchen of one of the shelters operated by the Illinois Emergency Relief Commission at 11526 South Michigan Avenue, Chicago, Illinois, and he avers that on the latter date, he accidentally scratched his left hand on a tin plate; that an infection set in which later developed into blood poisoning and resulted in a complete loss of use of the left hand; that medical and surgical treatment were furnished by the Illinois Emergency Relief Commission. Claimant made the same claim for compensation as he made in his original

complaint and this complaint was sworn to on the 25th day of May, 1937.

Counsel for the State filed a motion to dismiss on the grounds that neither the original complaint nor the amended complaint show that claim was made within one year after January 23, 1935, the date of his alleged injury.

Counsel for claimant did not file a brief.

This claim must be denied for the reason that this court has no jurisdiction and for the reason that no award can be made to a state employee for injuries arising out of and sustained in the course of his employment unless the claimant filed his claim with the clerk of this court within one year after the date of the alleged injury.

> See Section 24 of the Illinois Workmen's Compensation Act;
> *Quillman* vs. *State,* 8 C. C. R.;
> *Lay* vs. *State,* 8 C. C. R. 34;
> *Crabtree* vs. *State,* 7 C. C. R. 207.

Claim will, therefore, be denied.